# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Fucich, et al | Case No. 6:20-CV-00978 |
| Versus | Judge Robert R. Summerhays |
| Great Divide Insurance et al | Magistrate Judge Carol B Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion To Remand filed by Plaintiffs, David and Ellen Fucich (collectively "Plaintiffs") [Rec. Doc. 7], and Opposition Memoranda filed by the Charter Oak Fire Insurance Company ("Charter Oak"), [Rec. Doc. 13] and RPF Emergency Services, LLC and Great Divide Insurance Company ("RPF") [Rec. Doc. 14] (collectively "Defendants"). For the reasons that follow, the Court will recommend that Plaintiffs' Motion be denied.

## I.  BACKGROUND

This action arises from a motor-vehicle accident that occurred on August 22, 2019 in Lafayette Parish. Plaintiff, David Fucich, alleges that he was traveling westbound on East Pont Des Mouton Road in the left lane of travel when he was rear-ended by a vehicle operated by Defendant Victor Jesus or Victor J. Class Figueroa ("Figueroa"). *R. 9-2*. Plaintiffs filed this suit in the 16th Judicial Court for

the Parish of Iberia on June 22, 2020, seeking damages from Figueroa, RPF, Great Divide, Charter Oak and Equipment Leasing, LLC, DRC Emergency Services, LLC and Esurance Insurance Services, Inc.

Plaintiffs allege that the legal cause of the collision was due to the negligence of Figueroa. *Id.* ¶ *6.* Plaintiffs further allege that Figueroa was acting in the course and scope of employment with RPF and/or DRC at the time of this accident and that Charter Oak and Great Divide provide liability insurance for their alleged injuries and damages. *Id.* ¶¶ *7-8, 10.* Plaintiffs also sued their uninsured/underinsured motorist carrier Esurance, because, "upon information and belief," Figueroa was uninsured or underinsured for this accident. *Id.,* ¶¶ *11-12.*

Defendants removed this action on July 31, 2020, contending that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *R. 1.* Plaintiffs filed the instant motion to remand, alleging that Notice of Removal was defective because this Court lacks subject matter jurisdiction as to Defendant Figueroa. *R. 7.* In the alternative, Plaintiffs submit that jurisdictional discovery should be conducted to determine whether diversity subject matter exists. *Id.*

## II. LAW AND ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *See, Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. §§ 1331 and 1332. The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, when an action is removed from state court, the removing party bears the burden of proving that federal court jurisdiction exists. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In this case, the Defendants must bear that burden.

### A. Whether This Court Has Subject Matter Jurisdiction

In their remand motion, Plaintiffs challenge Defendants' contention that Figueroa is a citizen of Puerto Rico—domiciled and residing there. Alternatively, Plaintiffs submit that jurisdictional discovery should be conducted to determine whether complete diversity subject matter jurisdiction exists.

1. *Diversity of Citizenship*

Plaintiffs argue in their Opposition that the police report concerning the accident at issue provides that Figueroa gave his address as "301 Ambassador Caffery Parkway, Scott, Louisiana 70583," and his phone number had a "337" (Louisiana) area code. *R. 7-2.* They contend that this address and phone number contradicts Defendants' assertion that Figueroa is a citizen of and domiciled in Puerto Rico.

Defendants cite the Declarations of Figueroa [1] and Agnes Vagujhelyi, Executive Manager for RPF and resident of Alabama, attached to their motion. *R. 14-1, Exh. A, B, C.* In his declaration, Figueroa states that he is a citizen of Puerto Rico, domiciled and residing at Parc, La Luis, Calle Perla #22, Manati, Puerto Rico 00674, and that he does not own or lease any property in Louisiana. *Id. at Exh. A.* Figueroa further states that he was hired by RPF as a driver on a temporary basis from 8/7/19 to 9/3/19, and that RPF paid for him to stay at the Microtel Inn & Suites, 301 Ambassador Caffery Parkway, Scott, Louisiana. *Id. at Exh. A, C.* Figueroa states when he is working in the United States he temporarily resides in Alabama

---

[1] Defendants also attach the Declaration of Ines Villarreal, a resident of Alabama, who translated Figueroa's statement from Spanish to English. *R. 14, Exh. B.*

where his telephone number is (334) 544-6825. *Id.* He states the Accident Report related to this case incorrectly provided his area code as "337." *Id.*

"When removal is based on diversity of citizenship, diversity must exist at the time of removal." *Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 377 (5th Cir. 2010). "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile." *Id*. A person's domicile is presumed to continue indefinitely; a party asserting a change in domicile must come forward with evidence to rebut the presumption. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 819 (5th Cir. 2007). A change in domicile can be shown by "the concurrence of: (1) physical presence at the new location and (2) an intention to remain there indefinitely." *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996). In determining whether a change has been shown, the court "should look to all evidence shedding light on the litigant's intention to establish domicile," including where the litigant "maintains a home." *Id*. at 251.

The Court finds that Figueroa's sworn Declaration, as corroborated by Vagujhelyi's sworn Declaration, confirm that the Lafayette address was merely the place Figueroa was housed while temporarily employed for less than 4 weeks by

RPT, and that his domicile was not in Louisiana. *See Dulfer v. Seton Healthcare, Inc.*, 2012 WL 6212833, at *3 (W.D.Tex.,2012) (A 13–week temporary nursing assignment in another state did not defeat diversity jurisdiction.).

   2. *Amount In Controversy*

The amount in controversy is the sum claimed by the plaintiffs in their complaint if the claim was apparently made in good faith. *See St. Paul Reinsurance*, 134 F.3d at 1253. When the complaint does not state a specific amount of damages, as in this case, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiff's pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *See Manguno*, 276 F.3d at 723. The removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Id. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999).

Plaintiff, David Fucich ("Fucich"), alleges he sustained injuries to multiple parts of his body as the result of the accident at issue. He requests damages for past, present and future medical expenses, physical and mental pain loss of enjoyment of life and lost wages. Plaintiff, Ellen Fucich, alleges she has suffered a loss of consortium and has incurred expenses as a result. Plaintiffs' Discovery Responses to Requests for Admissions as well as Fucich's medical records, indicate he has received treatment for alleged injuries to his head, neck, back, chest, jaw, left knee. *R. 14-1, Exh. D.* MRIs of the head/brain and lumbar spine have been performed with regard to his complaints of sleep disturbance, daily headaches, dizziness, short-term memory problems, difficulty concentrating and focusing and mood swings. *Id.* A neurologic evaluation of Fucich resulted in diagnoses of "post-traumatic headaches; post concussive syndrome with short-term memory problems, emotional liability, and sleep disturbance"; and low back pain with probable lumbar radiculopathy and multiple disc abnormalities. *Id.* He continues to seek medical treatment. *Id.*

The Court agrees that the amount-in-controversy likely exceeds $75,000.00. *See Hebert v. Boesch*, 194 So. 3d 798 (La. App. 1 Cir. 2016) (affirming general damages award of $ 75,000 where plaintiff was involved in rear-end automobile accident in which he sustained injuries to his neck, back, shoulders, chest, and shins, MRI scans revealed two disc bulges, and plaintiff received conservative treatment);

*Strother v. Continental Casualty Ins. Co.*, 944 So. 2d 774 (La. App. 3 Cir. 2006) (affirming general damages award of $144,000 where plaintiff was diagnosed with a cervical and lumbar strain due to an automobile accident; treated conservatively with medication and physical therapy; experienced pain for over one year; and incurred $44,986.75 in past medical expenses); *Venissat v. St. Paul Fire & Marine Ins. Co.,* 968 So.2d 1063, 1067 (La. App. 3 Cir. 8/15/07).

## CONCLUSION

The Court finds that the removing Defendants have met their burden in proving that this Court has subject matter jurisdiction as to Defendant Figueroa. Accordingly, the Court **RECOMMENDS** that Plaintiffs, David and Ellen Fucich's, Motion To Remand [Rec. Doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 14th day of December, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE