UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID FUCICH, ET AL.** | **CASE NO.  6:20-CV-00978** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREAT DIVIDE INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

### MEMORANDUM RULING

Presently before the Court is a Motion for Summary Judgment filed by defendants Charter Oak Fire Insurance Co. ("Charter Oak") and DRC Emergency, LLC ("DRC").[1] Plaintiffs, David and Ellen Fucich, oppose the motion. After consideration of the record, the parties' briefs, and the relevant authorities, the Court rules as follows.

### I.
#### BACKGROUND

Plaintiff David Fucich was driving his 2012 Toyota Avalon westbound on East Pont Des Mouton Road in Lafayette Parish on August 22, 2019, when his vehicle was struck from the rear by a 2003 Kenworth construction vehicle operated by defendant Victor Jesus Class Figueroa.[2] At the time of the accident, Figueroa was an employee of defendant RPF Emergency Services, LLC ("RPF").[3] DRC had been hired for a debris removal project in Lafayette, Louisiana in 2019. DRC hired RPF as a subcontractor in connection with the debris removal project.[4] The Master Subcontractor Agreement executed by DRC and RPF provided that RPF, as subcontractor for the project, was "in all respects an independent contractor."[5] The Master Subcontractor Agreement

---

[1] ECF No. 44.
[2] ECF No. 1-2 at ¶¶ 3-4.
[3] ECF No. 44-8 at ¶¶ 8-9 (Declaration of Agnes Vagughelyi). Vagughelyi was the Executive Manager for RPF Emergency Services, LLC.
[4] *Id.* at ¶ 4.
[5] ECF No. 44-7 at 4, ¶ 3.

further provides that "[n]othing herein shall create, or be construed to create, between Contractor and Subcontractor an employer/employee . . . or joint-employer relationship".[6] The Agreement also provides that DRC "shall not instruct [RPF] or its employee/contractors regarding . . . the means, manner, or methods of performing or accomplishing [RPF's] work, nor shall [DRC] have the right to do so."[7] The parties do not dispute that the construction vehicle Figueroa was driving at the time of the accident was owned by DRC, and that the vehicle displayed a DRC decal.[8] Plaintiffs allege that Charter Oak provided insurance coverage for the DRC vehicle driven by Figueroa at the time of the accident.

Plaintiffs commenced the present action in the 16th Judicial District Court, Iberia Parish, Louisiana, and the case was removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §1332. As pertinent to the present motion, Plaintiffs named as Defendants Figueroa, his employer RPC, DRC, RPC's insurer (Great Divide Insurance Company), and DRC's insurer (Charter Oak).[9] Plaintiffs allege that DRC was one of Figueroa's employers, that Figueroa was acting within the scope of his employment with DRC at the time of the accident, and that DRC is thus vicariously liable for Plaintiffs' damages.[10] Thereafter, DRC and Charter Oak filed the present motion, arguing the claims against them should be dismissed because DRC was not Figueroa's employer at the time of the accident, Figueroa was employed by RPF, and Figueroa was acting under the direction and control of RPF when the accident occurred.

---

[6] *Id*.
[7] *Id*.
[8] ECF No. 46-1 at ¶¶ 2-3. The summary judgment record reveals that the vehicle Figueroa was driving was originally owned by Defendant Equipment Leasing. However, Equipment Leasing was merged with DRC prior to the accident. *Id*.
[9] ECF No. 1-2.
[10] ECF No. 1-2.

## II.
### STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[11] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A genuine issue of material fact exists when the evidence is such that a reasonably jury could return a verdict for the non-moving party."[13] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[14]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[15] "Credibility determinations are not part of the summary judgment analysis."[16] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[11] Fed. R. Civ. P. 56(a).
[12] *Id.*
[13] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[14] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (internal citations omitted).
[15] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[16] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which the party will bear the burden of proof."[17]

### III.
#### ANALYSIS

Plaintiffs' sole allegations with respect to DRC ground liability on "the doctrine of *respondeat superior*," contending DRC is "vicariously liable for the negligent acts of . . . Figueroa."[18] DRC and Charter Oak argue they are entitled to summary judgment because Figueroa was not employed by or otherwise under the control of DRC at the time of the accident. In support, DRC and Charter Oak point to declarations from representatives of DRC and RPF stating that at the time of the accident, Figueroa was employed by RPF, not DRC.[19] The representatives further attest that Figueroa was under the supervision and control of RPF, not DRC.[20] While Plaintiffs do not dispute that Figueroa was formally employed by RPF, they point to evidence in the record that Figueroa was driving a vehicle owned by DRC at the time of the accident.[21] According to Plaintiffs, "Charter Oak and DRC do not address DRC's ownership of the vehicle involved in the accident or the arrangement between DRC and RPF which led to its use in connection with the accident."[22] Plaintiffs contend that, "[d]epending on the facts learned during discovery, the terms of RPF's use of the vehicle owned by DRC could give rise to liability on the part of DRC for the accident."[23] Plaintiffs however do not address how the "terms of RPF's use of the vehicle owned

---

[17] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[18] ECF No. 1-2 at ¶ 10.
[19] ECF No. 44-7 at ¶ 7; ECF No. 44-8 at ¶¶ 9-10.
[20] ECF No. 44-8 at ¶ 11 ("DRC did not have nor did it exercise any supervisory or operational control over any RPF employees, including [Figueroa] assigned to the Project."); ECF No. 44-7 at ¶ 8.
[21] ECF No. 46 at 2.
[22] *Id*.
[23] *Id*.

by DRC" could give rise to liability, given that the only claim asserted against DRC is for vicarious liability.

Where jurisdiction is grounded on diversity of citizenship, federal courts apply state substantive law.[24] Vicarious liability is based on Louisiana Civil Code article 2320, which provides that "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the function in which they are employed." Vicarious liability thus arises from the employer-employee relationship and not the independent negligence of the employer.[25] In the present matter, Plaintiffs have failed to carry their burden of "demonstrating by competent summary judgment proof that there is an issue of material fact" regarding whether an employer-employee relationship existed between DRC and Figueroa at the time of the accident.[26] The declarations from the representatives of both DRC and RPF establish that Figueroa was employed by RPF, not DRC, and that Figueroa was performing work for RPF under its direction and control at the time of the accident.[27]

While Plaintiffs point to the fact that Figueroa was driving a vehicle owned by DRC as potential grounds for liability, "in Louisiana, owners of motor vehicles are not ordinarily personally liable for damages, which occur while another is operating a vehicle."[28] Louisiana

---

[24] *Rohde v. Southeastern Drilling Co.*, Inc., 667 F.2d 1215, 1219 (5th Cir. 1982).
[25] *Jones v. Travelers Indemnity Co.*, 18-cv-946, 2021 WL 54128 at * 2 (W.D. La. Jan. 6, 2021) (citing *Loescher v. Parr*, 324 So.2d 441 (La. 1975)).
[26] *Lindsey* at 618.
[27] ECF Nos. 44-7, 44-8. Figueroa likewise stated in his declaration, "I am not and have never been an employee of DRC." ECF No. 44-9 at ¶ 7. The parties do not address Louisiana's "borrowed employee" doctrine. Under this doctrine "an employer, called the 'general employer,'" may "relinquish[] control of his employee to another employer, known as the "special employer.'" *Morgan v. ABC Mfr.*, 97-0956 (La. 5/1/98); 710 So.2d 1077, 1080. In the past, the doctrine was a defense to the liability of the general employer. *Id.* After the Louisiana Supreme Court's decisions in *LeJeune v. Allstate Ins. Co.*, 365 So.2d 471 (La. 1978), and *Blair v. Tynes*, 621 So.2d 591 (La. 1993), "a general and special employer may be solidarily liable for injuries to a third party caused by an employee's negligence." *Id.* at 1082 (quoting *Blair*, 621 So.2d at 599). Plaintiffs have not argued that DRC was the "special employer" of Figueroa, but even if they had, the record does not support the application of the borrowed employee doctrine, given that RPF directed and controlled Figueroa's work and Figueroa was performing RPF's work pursuant to the terms of the Master Subcontractor Agreement.
[28] *Brown v. Unknown Driver*, 925 So.2d 583, 588-89 (La. App. 4 Cir. 1/18/06).

courts have recognized exceptions to this general rule when, for example, "the driver is on a mission for the owner of the vehicle, when the driver is an agent or employee of the owner, or when the owner is himself or herself negligent in entrusting the vehicle to an incompetent driver."[29] In the present case however, Plaintiffs have not pointed to any evidence in the record that would create a triable issue as to whether Figueroa was an agent of DRC, whether he was "on a mission" for DRC, or whether DRC was independently negligent in entrusting its vehicle to Figueroa. Again, RPF's representative testified that Figueroa was performing work for RPF under RPF's direction and control, and that this work was performed pursuant to RPF's subcontract with DRC.[30] In sum, there are no genuine issues of material fact as to DRC's liability based on the doctrine of *respondeat superior*, nor have Plaintiff's demonstrated there is an genuine issue of material fact with regard to any independent negligence on behalf of DRC. Accordingly, the Court grants summary judgment in favor of DRC.

However, even though the record does not support an independent negligence claim against DRC, summary judgment is not appropriate with respect to Charter Oak. Plaintiffs, Figueroa, RPF, and Great Divide argue that there is a genuine question of material fact as to whether the Charter Oak policy covers some or all of the liability arising from the accident. The parties do not dispute that Charter Oak issued an insurance policy to DRC covering the vehicle that Figueroa was operating at the time of the accident, and that the policy provided coverage of up to $1,000,000 for any accident resulting from the use of a covered vehicle.[31] The evidence in the record shows that although Figueroa was under the direction and control of RPF at the time of the accident, he was operating the vehicle with the consent of DRC. The Charter Oak policy covers DRC, as well as

---

[29] *Id*. (citing *Ruthardt v. Tennant*, 215 So.2d 805, 810 (La. 1968)).
[30] ECF No. 44-8.
[31] ECF No. 47-3 at 1, 5 (certified copy of the Charter Oak Fire Insurance Company policy insuring DRC).

"[a]nyone else while using with [DRC's] permission a covered 'auto' [DRC] own[s]."[32] Under this provision, once permission is granted by the insured to use its vehicle (whether that permission is express or implied), "coverage will be precluded only where the deviation from the use consented to amounts to theft or other conduct displaying an utter disregard for the return or safekeeping of the vehicle."[33] Charter Oak has not pointed to any provision in the DRC policy that would defeat coverage under the circumstances of this case. Figueroa, RPF, and Great Divide thus argue that "[i]t is possible that Charter Oak, as the policy on the vehicle involved in the accident, could provide coverage for this loss; however, it has yet been determined how the Charter Oak policy ranks among the other policies."[34] The Court agrees that there are genuine issues of material fact with respect to coverage under the Charter Oak policy. Accordingly, the Court denies the motion with respect to Charter Oak.

## IV.
## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgement [ECF No. 44] is GRANTED IN PART and DENIED IN PART. The Court grants the motion with respect to DRC and all claims against DRC will be dismissed with prejudice. The Court denies the motion with respect to Charter Oak Fire Insurance Company.

THUS DONE in Chambers on this 26th day of July, 2023.



ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[32] *Id.* at 11.
[33] *Manzella v. Doe*, 94-2854, p. 6 (La. 12/8/95); 664 So.2d 398, 402, *on reh'g in part* (Jan. 30, 1996) (quoting *Norton v. Lewis*, 623 So.2d 874, 875 (La. 1993)).
[34] ECF No. 47 at 6.