# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | |
|---|---|
| **DAVID FUCICH, ET AL.** | **CASE NO. 6:20-CV-00978** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GREAT DIVIDE INSURANCE CO., ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING

Pending before the Court is Plaintiffs' Motion to Alter or Amend the Judgment, or, Alternatively, Motion for New Trial [ECF No. 140]. The motion is opposed, and Plaintiffs have filed a reply in support [ECF Nos. 142, 143].

## I.
### BACKGROUND

This matter arises from a motor vehicle collision on August 22, 2019, in which a debris removal truck operated by defendant Victor Figueroa—an employee of defendant RPF Emergency Services, LLC—collided with the rear of a sedan operated by plaintiff David Fucich. Both vehicles were stopped at a red traffic light, with Figueroa's truck immediately behind Fucich's sedan. Figueroa moved his vehicle forward, apparently anticipating Fucich's vehicle would begin to move when the light turned green. Instead, the vehicles collided. The parties stipulated that the collision happened and that Figueroa was acting within the course and scope of his employment at the time. [ECF No. 94] Fucich claims that the collision caused him to suffer a traumatic brain injury ("TBI"), low back symptoms, shoulder injury requiring surgery, and neck injury requiring a two-level disc fusion, as well as requiring pain management. David Fucich asserted claims for special and general damages arising from the collision. Plaintiff Ellen Fucich, David's wife, asserted a claim for loss of consortium.

This matter was tried before a jury over four days. The jury heard testimony from witnesses including David Fucich, Ellen Fucich, Victor Figueroa, Plaintiffs' experts, and the physicians and medical providers who have treated David Fucich. These witnesses opined that the collision caused all of David Fucich's injuries. The jury also heard testimony from Defendants' experts, including competing medical testimony that David Fucich's injuries were caused primarily or entirely by his age or prior conditions. Specifically, Mr. Fucich was 67 years of age at the time of trial, and has a history of, among other conditions, smoking, sleep apnea, high blood pressure, and diabetes. The jury further heard testimony that Mr. Fucich was unable to enjoy certain activities, such as golfing, after the injury and surgeries.

The jury returned a verdict finding that Figueroa was 100% at fault for the collision and that Plaintiffs had suffered injuries, and awarded damages as follows:

| David Fucich | |
|---|---|
| Past Medical Expenses | $ 139,425 |
| Future Medical Expenses | $ 31,000 |
| Past Physical and Mental Pain and Suffering | $ 62,500 |
| Future Physical and Mental Pain and Suffering | $ 15,175 |
| Past and Future Disability and Loss of Enjoyment of Life | $ 13,062 |
| Permanent Scarring and Disfigurement | $ 0 |
| **Ellen Fucich** | |
| Loss of Consortium | $ 12,500 |
| **Total** | **$ 273,662** |

Plaintiffs move the Court to amend the judgment or to order a new trial as to damages only, under Federal Rule of Civil Procedure 59. ECF No. 140. Plaintiffs argue the jury's award of special damages—which indicates the jury believed the testimony regarding the treatment David Fucich has required and will require—is inconsistent with the award of general damages, which is below what Plaintiffs asked for.

## II.
### APPLICABLE LAW

**A.    Motion for New Trial.**

In a diversity case, a district court "must apply the new trial and remittitur standard of the forum in which it sits." *Alonso v. Westcoast Corp.*, 920 F.3d 878, 889 (5th Cir. 2019) (citing *Fair v. Allen*, 669 F.3d 601, 604 (5th Cir. 2012). Under Louisiana law, "[a] new trial may be granted … to all or any of the parties and on all or part of the issues." La. Code Civ. P. art. 1971. A new trial must be granted if "the verdict or judgment appears clearly contrary to the law and the evidence." La. Code Civ. P. art. 1972. A new trial may be granted in any other case "if there is good ground therefore, except as otherwise provided by law." *Id.* In determining whether to grant a new trial based on evidentiary grounds:

> [A] trial judge may evaluate the evidence without favoring either party, and draw its own inferences and conclusions. Most significantly, the district court has authority to evaluate witness credibility to determine whether the jury erred in giving too much credence to an unreliable witness. However, because a motion for new trial solely on the basis of being contrary to the evidence is directed squarely at the accuracy of the jury's factual determinations, the jury's verdict cannot be set aside on that ground if it is supportable by any fair interpretation of the evidence.

*Pitts v. Louisiana Med. Mut. Ins. Co.*, 2016-1232 (La. 3/15/17, 9–10); 218 So.3d 58 (citations omitted). Thus, despite permitting the trial court to re-evaluate credibility determinations, the jury's findings are still to be given high deference. *Fair*, 669 F.3d at 605. A jury verdict should not be overturned if it is "clearly within the universe of possible awards which are supported by the evidence," *Narcisse v. Illinois Cent. Gulf R. Co.*, 620 F.2d 544, 547 (5th Cir. 1980)(*quoting Bonura v. Sea Land Service, Inc.*, 505 F.2d 665, 670 (5th Cir. 1974)), or unless it is so "inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial." *Munn v. Algee*, 924 F.2d 568, 578 (5th Cir. 1991), *citing Taylor v. Green*, 868 F.2d 162, 164 (5th Cir. 1989).

**B.     Motion to Amend the Judgment.**

Rule 59(e) provides for a motion to alter or amend a judgment. "This is an extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021)(*quoting Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). In the Fifth Circuit, such motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence—not for raising arguments which could, and should, have been made before the judgment issued." *Id.* (*quoting Faciane v. Sun Life Assurance Co. of Canada*, 931 F.3d 412, 423 (5th Cir. 2019)). They are also available "when there has been an intervening change in the controlling law." *Id.*

### III.
#### ANALYSIS

**A.     Motion for New Trial.**

Plaintiffs seek a new trial on the grounds that, while the jury awarded "a significant portion of [David Fucich's] alleged past medical expenses, the general damages awarded by the jury are woefully inadequate and unreasonable." ECF No. 140-1 at 7. Defendants argue the verdict's award of general damages is justified by the evidenced offered at trial. ECF No. 142.

In support of their motion for new trial, Plaintiffs primarily cite *Bodden v. Smith Marine Towing Corporation*, 135,947 (16th JDC 11/07/24)[1] and *Cooper v. Lacorte*, 775 So.2d 704 (La. App. 4 Cir. 1/31/01). Each case is distinguishable. In *Bodden,* the plaintiff's injuries included a torn rotator cuff, cervical herniations, surgical interventions in the cervical spine, and a recommended lumbar surgery. There, the jury awarded nothing for mental or physical pain and suffering, $5,000 for past loss of enjoyment of life, and $50,000 for future loss of enjoyment of

---

[1] This Court does not have access to the files of any of the 16th Judicial District Courts, so relies on the parties' description of the facts and holdings.

life. The trial court granted a motion for judgment notwithstanding of verdict and awarded the plaintiff $630,000 for past and future pain and suffering and $140,000 for past and future mental anguish. Here, by contrast, the jury did award amounts for past and future physical and mental pain and suffering, as well as past and future disability and loss of enjoyment of life.

In *Cooper v. Lacorte*, 1999-1726 (La. App. 4 Cir. 5/17/00), 775 So. 2d 4, *opinion amended on reh'g*, 1999-1726 (La. App. 4 Cir. 1/31/01), 775 So. 2d 704 ("*Cooper I*"), after a bench trial regarding a minor vehicle collision, the trial court awarded special and/or general damages to the plaintiff driver, each of his four passengers, and the husband of one of the passengers, Marion Cooper. After the collision, Mrs. Cooper experienced headaches, neck pain, and low back pain, and ultimately required a two-level cervical fusion and a two-level lumbar fusion. The Louisiana Fourth Circuit Court of Appeal reviewed the evidence in the record and reduced or reversed certain of the awards of damages. Relevantly, the appellate court reduced the award of general damages to Marion Cooper from $1,600,000 to $800,000, due in part to her substantial pre-existing medical issues. *Cooper I*, 775 So.2d at 10-11.

On rehearing, the appellate court revisited only the magnitude of its reduction to Marion Cooper's general damages award. *Cooper v. Lacorte*, 1999-1726 (La. App. 4 Cir. 1/31/01), 775 So. 2d 704 ("*Cooper II*"). The appellate court determined that the reduction had been inappropriate in light of general damages awards in similar cases over the previous decade, and increases to the cost of living over the same period. The court ultimately reduced Mrs. Cooper's general damages award to $1,200,000. *Id.* Unlike the case at bar, the *Cooper* decisions concerned a direct appeal, not motions for new trial or to amend the judgment. Furthermore, Mrs. Cooper underwent two separate spinal fusions, while David Fucich had one, and one of Mrs. Cooper's pre-existing conditions existed at the site of her cervical fusion, indicating the collision caused severe

aggravation, and there was no evidence that David Fucich had a pre-existing spinal condition where his cervical fusion was performed. Therefore, neither *Bodden* nor *Cooper* shows Plaintiffs' general damages award is impermissibly low as a matter of law.

In their reply, Plaintiffs' offer additional cases in support of their argument, but none is availing. *Charles v. Cecil Chatman Plumbing and Heating Co.*, 96–299 (La.App. 3 Cir. 10/23/96), 686 So.2d 43 is offered to show that "it is a clear error of law to award special damages for a personal injury and yet, at the same time, refuse to award general damages for injuries that present objective symptoms," but in this case the jury awarded both special and general damages to Plaintiffs.

The other cases Plaintiffs cite only concern damages for the loss of enjoyment of life. The court in *Locke v. Young*, 42,703 (La. App. 2 Cir. 12/12/07), 973 So. 2d 831, for instance, held that an award of $200,000 was "the highest amount the trial court could have awarded" for loss of enjoyment of life and was appropriate given the plaintiff's youth, athleticism, and pursuit of "strenuous physical activities" such as bodybuilding. Here, by contrast, the jury heard evidence that David Fucich is nearly 70 years old, can no longer engage in occasional dancing or golfing, and has several pre-existing health conditions.

The plaintiff in *Williams v. Walgreen Louisiana Co.*, 14-716 (La. App. 5 Cir. 2/25/15), 168 So. 3d 812, *writ denied sub nom. Williams v. Walgreens Louisiana Co.*, 2015-0610 (La. 6/1/15), 171 So. 3d 262, *and writ denied sub nom. Williams v. Walgreens Louisiana Co.*, 2015-0613 (La. 6/1/15), 171 So. 3d 262, suffered three strokes after a pharmacy negligently gave her another patient's medication. While the jury awarded her damages for pain and suffering and medical expenses, it awarded nothing for loss of enjoyment of life. The appellate court found it was manifest error for the jury to find that the plaintiff "did not sustain a detrimental lifestyle change

as a result of her strokes." *Id.* Before the strokes, the plaintiff lived independently, maintained steady employment, cared for her grandson throughout the week, traveled "avidly," and was "the head of the family," but afterward she could not drive, could not care for her family, could not travel alone, and needed assistance with daily activities. *Id.* The court ultimately concluded that $50,000 was the lowest award reasonably within the trial court's discretion as to loss of enjoyment of life. *Id.* Here, by contrast, David Fucich was awarded damages for loss of enjoyment of life, and the evidence at trial did not support the conclusion that he has been rendered as dependent on others as was the plaintiff in *Williams*.

Similarly, in *Levy v. Bayou Indus. Maintenance Services, Inc.*, 03–37 (La. App. 1 Cir. 09/26/03), 855 So.2d 968, *writ denied*, 03–3161 (La.2/6/04), 865 So.2d 724, *and writ denied*, 03–3200 (La.2/6/04), 865 So.2d 727, the plaintiff slipped on a wet floor and suffered a head injury. After a bench trial, the trial court awarded the plaintiff $50,000 for loss of enjoyment of life, considering, among other things, her remaining life expectancy of more than 44 years, the fact that she could no longer roller skate after having been an "avid" roller skater prior to the injury, her difficulty in flying air planes, and her "loss of independence and ability to maintain the high level of activity she enjoyed prior to the accident." *Id.* at 980. By contrast, the evidence in the case at bar allowed the jury to conclude that David Fucich has not experienced a similar decline in capability and independence.

In *Clement v. Citron*, 2013-63 (La. App. 3 Cir. 6/19/13), 115 So. 3d 126, the plaintiff was thirty-one years old at the time of her injury in a collision which totaled her vehicle, and worked as both a bank teller and janitor. She was released to work as a teller after the injury, but not as a janitor. Prior to the injury, the plaintiff cared for her mother, who lived with her, and cared for her teenaged son. After the injury, the plaintiff could no longer care for her mother, who was forced

to move elsewhere, and required her son's help to perform daily chores. She was unable to dance or run, which she had enjoyed previously. The jury awarded part of the plaintiff's proven medical expenses, but nothing for loss of enjoyment of life. In light of the evidence and the jury's other findings, the court in *Clement* awarded the plaintiff $30,000 for loss of enjoyment of life. Again, here, the jury did award David Fucich damages for loss of enjoyment of life, and the facts of the two cases are significantly different.

Plaintiffs appear to cite *Wainwright v. Fontenot*, 2000-0492 (La. 10/17/00), 774 So. 2d 70, to show that "it is legal error to award special damages without general damages," but, again, the jury here awarded David Fucich both special and general damages. The only category of damages for which he did not receive any award was "Permanent scarring and disfigurement," which Plaintiffs do not assert was erroneous.

In *Ezzell v. Miranne*, 11-228 (La. App. 5 Cir. 12/28/11), 84 So. 3d 641, the plaintiff was injured when he was struck by another patron in a bar. There, the court held that the jury erred when it awarded the plaintiff an amount for future lost wages but nothing for future pain and suffering, as the findings suggested by those awards—the injury was sufficiently severe to cause the plaintiff to be totally unable to work for some period after trial, but was not so bad that it would cause the plaintiff any pain at all—were inconsistent in light of the record. *Id.* Here, by contrast, David Fucich did not seek future lost wages or loss of earning capacity, and did receive an award for future pain and suffering.

Finally, in *Collins v. Louisiana State Police*, 2013-412 (La. App. 3 Cir. 10/23/13), 158 So.3d 17, the jury declined to award future mental pain and suffering, loss of enjoyment of life, or disability, but made awards in all other categories of damages. The appellate court upheld the trial court's award of those damages which the jury failed to award, and increased two other categories,

finding that "no reasonable person could award" the plaintiff the way the jury did, in light of the record. Here, the jury made awards in all of the categories which the jury in *Collins* did not. Furthermore, the evidence was that David Fucich has received and will need multiple instances and kinds of medical treatment, but the jury awarded only part of his requested medical expenses, suggesting jurors only believed some of the injuries or treatments are attributable to the collision. While Plaintiffs clearly disagree with that conclusion, they have not shown the jury's decision is outside the universe of awards supported by the evidence. The motion for new trial is therefore denied.

**B.    Motion to Amend the Judgment.**

Alternatively, Plaintiffs request that the verdict be amended or altered to increase the general damages awards because the verdict is "inconsistent." First, the proper vehicle to challenge an inconsistent verdict is Rule 49. However, the inconsistency contemplated by Rule 49 arises when the answers to different questions in the verdict *cannot* be reconciled with one another, such as when a jury finds that a defendant did not breach its contract, or was not causally negligent, and yet assigns that same defendant responsibility for damages. *See, e.g., Team Contractors, L.L.C. v. Waypoint NOLA, L.L.C.*, No. CV 16-1131, 2018 WL 4252553 (E.D. La. Sept. 6, 2018); *Dawson v. Gen. Motors Corp.*, No. 94-40779, 1995 WL 17788765 (5th Cir. Aug. 18, 1995). Here, the verdict is not inconsistent because the jury found that Defendants were solely liable for Plaintiffs' damages and awarded amounts to compensate Plaintiffs for each category of damages.

Motions to amend a judgment are limited to "correcting manifest errors of law or fact or presenting newly discovered evidence" or to when there has been an intervening change in controlling law. *Rollins*, 8 F.4th 393 at 396. Plaintiffs do not offer newly discovered evidence and do not allege an intervening change in the law. The Court notes that Rule 59(e) motions are "not

for raising arguments which could, and should, have been made before the judgment issued," *Id.*, and that Plaintiffs raised no motions at the end of trial or before the proposed judgment was submitted or signed. Nonetheless, Plaintiffs' motion also fails on the merits. Plaintiffs argue generally that the jury's awards of general damages, specifically loss of enjoyment of life, were so low as to constitute error under the law, but only cite to cases in which a plaintiff was awarded some categories of damages but not others. Again, that was not the case here, where the jury awarded special and general damages, including for loss of enjoyment of life.[2] Accordingly, Plaintiffs' motion is denied.


### III.
### CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment, or, Alternatively, Motion for New Trial [ECF No. 140] is DENIED.

**THUS DONE AND SIGNED** in Chambers this 2nd day of September, 2025.

                             **ROBERT R. SUMMERHAYS**
                           **UNITED STATES DISTRICT JUDGE**

---

[2] To the extent Plaintiffs ask the Court to amend the judgment solely to increase the damages award to reflect the opinions of Plaintiffs and their expert witnesses, additur is prohibited. *See, e.g., Lapapa v. Nat'l R.R. Passenger Corp.*, No. CIV.A. 04-1125, 2005 WL 3533858, at *2 (E.D. La. Oct. 19, 2005), *aff'd sub nom. Bolden v. Nat'l R.R. Passenger Corp.*, No. 06-30066, 2006 WL 2505386 (5th Cir. Aug. 30, 2006)(citing *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir.1976) (stating that "it is well-settled … that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute")).